UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF
SUPERVISION WITH THE CONSENT OF THE OFFENDER**
(Probation Form - Waiver of Hearing is Attached)

Offender Name: **Vadim Fleshler**  Case No.: **2:13CR000519-001**

Name of Sentencing Judicial Officer: **The Honorable Michael M. Baylson**

Date of Original Sentence: **June 25, 2014**

Original Offense: **Conspiracy to commit health care fraud (Count One), and false statements in health care matters (Counts Two through Nine).**

Original Sentence: **The defendant was committed to the United States Bureau of Prisons for a total term of 162 months consisting of a term of 120 months on Count One; and 42 months on Counts Two through Nine, all such terms to run concurrently to each other but consecutively to Count One, followed by a three (3) years term of supervised release on Counts One through Nine, all such terms to run concurrently. A $900.00 special assessment was also imposed which was due immediately.**

Special Conditions: **1) The defendant shall participate in drug treatment and abide by the rules of any such program until satisfactory discharged; 2) The defendant shall participate in a mental health program for evaluation and/ or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income, if so requested; 4) The defendant is prohibited from incurring any new credit charges or opening any additional lines of credit with the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate any assets unless it is direct service of the fine or restitution obligation or otherwise has the express approval of the Court; and 5) As a further special condition of probation, the defendant is excluded from employment at any company or institution that participates in any federal health care program during the period of supervised release. As an underlying foundation for this special condition, the Court must find that; (1) a reasonable direct relationship existed between the defendant's occupation, business or profession and conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonable necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.**

**RE: Vadim Fleshler**
**Case No.: 2:13CR000519-001**

Type of Supervision: **Supervised Release**     Date Supervision Commences: **March 27, 2024**
                                                 Date Supervision Terminates: **March 26, 2027**

U.S. Attorney's Response:     No Objections ☒     Objections ☐     No Response ☐

PETITIONING THE COURT

The defendant is serving the final portion of his custodial sentence at Kintock Group Residential Reentry Center (RRC) in Philadelphia. Although he will not commence his term of supervised release until March 27, 2024, after interviewing Mr. Fleshler and reviewing his Presentence Investigation Report along with his Judgment & Commitment Order there are concerns that a drug testing/ treatment modification is needed for closer monitoring.

While interviewing Mr. Fleshler, he acknowledged a substance abuse history of marijuana, benzodiazepines, cocaine, and heroin. In addition, he admits to abusing alcohol from his mid-teens until the time of his arrest for the instant offense. At age 16, he was snorting and intravenously using heroin. By age 17, he was using marijuana daily which also lasted until his arrest. He attributes his marijuana use with his poor decision making and his criminal lifestyle. Throughout his life, Mr. Fleshler has had short stints of abstinence only to relapse. While in federal custody, he attended drug and alcohol treatment and during his RRC placement, he refrained from alcohol and substance use.

Although Mr. Fleshler states that has abstained from illicit drug and alcohol use, the proposed drug testing/ treatment modification is for precautionary measures for closer monitoring. This condition is necessary in the event substance abuse treatment is needed.

On March 1, 2024, Mr. Fleshler was presented with a drug testing/ treatment modification. He was made aware of his options and advised to seek counsel. After further discussion, he denied the need for counsel and signed the waiver agreeing to the proposed modifications.

On March 5, 2024, this officer spoke with Assistant United States Attorney, Mary Beth Leahy who was advised of Mr. Fleshler's drug history and the need for testing to promote and monitor compliance. It should be noted that AUSA Leahy agreed with the above referenced plan.

RE: Vadim Fleshler
Case No.: 2:13CR000519-001

**To modify the conditions of supervision as follows:**

**The defendant shall refrain from the illegal possession and/ or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall participate in drug treatment and abide by the rules of any such program until satisfactorily discharged with the approval of the Court.**

Respectfully submitted,

Jana G. Law
Chief U.S. Probation Officer

George Reid
*Digitally signed by George Reid*
*Date: 2024.03.05 14:53:42 -05'00'*

_____
George Reid
Senior U.S. Probation Officer

Approved By:

Fred Crawford
*Digitally signed by Fred Crawford*
*Date: 2024.03.08 15:16:46 -05'00'*

_____
Fred D. Crawford
Supervising U.S. Probation Officer

GER

### ORDER OF THE COURT

Considered and ordered this __12th__ day of __March__ __2024__ and ordered filed and made part of the records in the above case.

/s/ Michael M. Baylson
_____
The Honorable Michael M. Baylson
U.S. District Court Judge

3

**UNITED STATES PROBATION OFFICE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**NOTICE OF REQUEST FOR MODIFICATION OF SUPERVISION CONDITIONS**

TO: Vadim Fleshler            CASE NO.: 2:13CR00519-001
    (Name)

This is to notify you that the U.S. Probation Office intends to make a formal request to the Court that the conditions of supervision be modified as follows:

**The defendant shall refrain from the illegal possession and/ or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall participate in drug treatment and abide by the rules of any such program until satisfactorily discharged with the approval of the Court.**

The reason for this modification and addendum to the conditions of supervision is:

**While interviewing Mr. Fleshler, he acknowledged a substance abuse history of marijuana, benzodiazepines, cocaine, and heroin. In addition, he admits to abusing alcohol from his mid-teens until the time of his arrest for the instant offense. At age 16, he was snorting and intravenously using heroin. By age 17, he was using marijuana daily which also lasted until his arrest. He attributes his marijuana use with his poor decision making and his criminal lifestyle. Throughout his life, Mr. Fleshler has had short stints of abstinence only to relapse. While in federal custody, he attended drug and alcohol treatment and during his RRC placement, he refrained from alcohol and substance use.**

**Although Mr. Fleshler states that has abstained from illicit drug and alcohol use, the proposed drug testing/ treatment modification is for precautionary measures for closer monitoring. This condition is necessary in the event substance abuse of alcohol treatment is needed.**

You are advised that you have the right to a hearing before the Court on the modification of the conditions of supervision, and that you have the right to be represented by counsel at such hearing. You also have the right to waive (give up) such a hearing. You are hereby asked to acknowledge receipt of the "Notice" by signing the applicable portion on the reverse side of this form and returning the form to your Probation Officer. If you desire a hearing, you should sign the ACKNOWLEDGMENT AND REQUEST FOR HEARING portion of the form. If you wish to waive (give up) a hearing, you should sign the ACKNOWLEDGMENT AND WAIVER portion of the form. If you request a hearing, you will be notified by this office of the time and place thereof in due course.

Respectfully submitted,

Jana G. Law
Chief U.S. Probation Officer

George Reid
U.S. Probation Officer

Date: March 5, 2024

ACKNOWLEDGMENT AND REQUEST FOR HEARING

I, , hereby acknowledge receipt of the Notice of Request for Modification of the Conditions of Supervision, and request a hearing thereon with my reasons stated below:

Signed: _____

(Date)

---

ACKNOWLEDGMENT AND WAIVER OF HEARING

I, , hereby acknowledge receipt of the Notice of Request for Modification of the Conditions of Supervision. I have read the Notice and understand that I have the right to a hearing before the Court on that request and to the assistance of counsel at the hearing. However, I hereby waive (give up) my right to a hearing and agree to the proposed modifications of conditions of supervision. I also certify that no promises have been made to me in order to induce me to give up my right to a hearing.

Signed: _/s/ Vadim Fleshler_____  3-1-24
                                  (Date)

WITNESS:

George E. Reid, Jr.  3/1/24
Name: _/s/ G. E. R._____

Address: 720 Marigold A-2
Southampton, PA